UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BETTY RUTH TACKETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5: 13-337-DCR |
| ) | |
| THERESA VARGAS, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant, ) | |
| ) | |

\*\* \*\* \*\* \*\* \*\* \*\*

Defendant Enterprise Rent-A-Car Company of KY, LLC ("Enterprise") moves to dismiss the claim against it under Fed. R. Civ. P. 12(b). Alternatively, it seeks summary judgment pursuant to Fed. R. Civ. P. 56. [Record No. 23] The matter has now been fully briefed. For the reasons outlined below, the Court will grant summary judgment in favor of Enterprise.

**I.**

Theresa Vargas[1] rented a vehicle from Enterprise on January 11, 2012. [Record No. 23-1, 23-2] At the time of the rental, Vargas presented a Florida license indicating that she was 31 years old. [Record No. 23-1, 23-2] And while Vargas presented a Florida license, she provided a physical address in Brooklyn, New York. [Record No. 23-2] On January 12, 2012, while operating the rental vehicle owned by Enterprise, Vargas allegedly ran a red light and struck a vehicle in which Tackett was a passenger. Tackett subsequently filed this suit seeking

---

[1] Theresa Vargas has been named as a defendant but has not been served. This case was filed on October 3, 2013. [Record No. 1]

-1-

compensation from Vargas and Enterprise.  [Record No. 1]   The Complaint[2] states, in relevant part:

> That [on or about January 12, 2012] . . . [Vargas], was operating a 2011 Toyota Corolla, owned by [Enterprise] in such a negligent manner so as to collide with the motor vehicle which [Tackett] was occupying, causing [Tackett] to suffer severe bodily injuries.
> . . .
> [T]he motor vehicle driven by [Vargas], was owned and under the care, custody and control of [Enterprise], and as such, [Enterprise] was responsible for insuring the safe operation of said vehicle on the public roadway.
> . . .
> [Vargas] was operating the motor vehicle with the actual or implied consent of [Enterprise].

[Record No. 1 at ¶¶ 6–9].  Tackett alleges that she incurred damages as a "direct and proximate" result of Enterprise's negligence.  [Record No. 1 at ¶¶ 16–19]

## II.

Enterprise moves to dismiss the claims against it under Fed. R. Civ. P. 12 or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  In support, Enterprise submits an affidavit from Angela Fletcher, Enterprise's Risk Manager, together with a copy of Vargas' rental agreement to establish certain undisputed facts.  [Record No. 23-1, 23-2]  However, Rule 12(d) provides that, "[if] matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  In such circumstances, the Court must provide the parties a reasonable opportunity to present all pertinent material.  Fed. R. Civ. P. 12(d).  Because the parties do not dispute the facts regarding the claim against Enterprise, this Court will consider this matter under the Rule 56 standard.[3]

---

[2] The parties agreed to substitute Enterprise for "EAN Holdings, LLC."  [Record No. 16, 17]  Any reference to EAN Holdings, LLC in the Complaint has been replaced with "Enterprise."

[3] The Court notes, however, that its holding would be the same under the Rule 12 standard for the reasons stated herein.

Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

**III.**

The factual allegations on the face of the Complaint fail to establish a negligence claim against Enterprise. At most, Tackett's Complaint alleges that Enterprise owned the vehicle. This allegation standing alone is insufficient to state a claim for negligence. *Farmer v. Stidham*, 439 S.W.2d 71, 72 (Ky. 1969) ("Mere ownership of an automobile is not enough to impose liability on the owner for an accident brought about by the negligence of one operating the car with the owner's consent absent certain exceptional circumstances . . ."). Additionally, through the briefing regarding the motion to dismiss, Tackett asserts a negligent entrustment theory of liability against Enterprise. Although this theory is not alleged on the face of the Complaint, Tackett has not requested leave to amend the Complaint to add facts supporting this new claim. Nonetheless, even considering the facts as alleged in her Response in a light most favorable to her, Tackett has not established a negligent entrustment claim against Enterprise.

Under a negligent entrustment theory, "one who entrusts her vehicle to another whom he knows to be inexperienced, careless, or reckless, or given to excessive use of intoxicating liquor while driving, is liable for the natural and probable consequences of the entrustment." *McGrew v. Stone*, 998 S.W.2d 5, 9 (Ky. 1999) (Cooper, Graves, Keller, J.J., dissenting) (citing *Owensboro Undertaking & Livery Ass'n v. Henderson*, 115 S.W.2d 563, 564 (Ky. 1938)); *Hercules Powder Co. v. Hicks*, 453 S.W.2d 583, 587 (Ky. 1970) (citation omitted) ("One who supplies directly . . . a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others . . . is subject to liability for physical harm resulting to them."). Tackett argues that Enterprise is liable under a theory of negligent entrustment because Vargas may not have possessed a valid license at the time of the rental. While the parties agree that Vargas' license appeared to be valid on its face, Tackett argues that the license was legally void.

Florida, the state that issued Vargas' license, and New York, the state in which Vargas apparently resided at the time of the rental, impose a statutory duty to obtain a new license within a certain time following a change in residence. *See* Fla. Stat. § 322.19; N.Y. Vehicle and Traffic Law § 250 (McKinney). While there is no evidence as to whether or when Vargas changed her state of residence, Tackett promotes the tenuous theory that Vargas' residence had changed more than 30 days before the rental and that Vargas' failure to comply with statutes requiring her to obtain a new license automatically invalidated her Florida license by operation of law. Tackett cites no authority to support her theory of automatic invalidation. Instead, she states that "failure to surrender her out-of-state license was in violation of numerous laws and regulations" and that she "would not have had a valid driver's license at the time of the rental." [Record No. 28-1]

Even assuming that Tackett had offered some evidence that Vargas' Florida license was not valid at the time of the rental, she does not allege and cannot show that Vargas' failure to maintain a valid license in this instance was a proximate cause of her (Tackett's) alleged injury. *See Dukes v. McGimsey*, 500 S.W.2d 448, 450 (Ct. App. Tenn. 1973) (citing *Smith v. Henson*, 381 S.W.2d 892 (Tenn. 1964)) ("[T]he mere fact the borrower is unlicensed does not render the owner of an automobile liable for the negligence of the borrower where such fact has no causal connection with the injury or damage."). Further, Enterprise is entitled to summary judgment because Tackett does not allege, nor is there any evidence to suggest, that Vargas was otherwise incompetent to operate the car. *Saunders Drive-It-Yourself Co. v. Walker*, 284 S.W. 1088, 1089 (Ky. 1926) ("[T]he owner of the car . . . is not liable unless he knows, or the facts known to him in the exercise of ordinary care should know, that the person hiring the car is incompetent to drive it.")

Further, under Kentucky law, "[t]he mere entrustment of a vehicle to an unlicensed driver does not render the owner liable for the driver's negligence absent proof that the driver was incompetent and the owner had knowledge of that fact." *McGrew*, 998 S.W.2d at 9 (Cooper, Graves, Keller, J.J., dissenting) (citations omitted). As this Court has previously noted, this finding by three judges then on the Kentucky Supreme Court "would suggest that under the common law of negligent entrustment in Kentucky, the fact that the operator did not have a license would not, by itself, be sufficient to establish liability." *Zetter v. Griffith Aviation, Inc.*, Civil Action No. 6:03-218-DCR, 2006 WL 1117678, at *9 n. 9 (E.D. Ky. April 25, 2006) (citing *McGrew*, 998 S.W.2d at 9)). There is no allegation that Vargas was mentally or physically incapable of driving the rental vehicle. Tackett's only argument is that Vargas' license was rendered invalid for reasons other than her driving ability. Tackett fails to cite to any authority

suggesting that Kentucky courts would impose liability for entrusting a vehicle to an unlicensed but otherwise competent driver.

Tackett submits an affidavit of counsel [Record 28-3] requesting additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(d) (formerly Rule 56(f)). *See Plott v. Gen. Motors Corp.*, *Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) ("Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."). Tackett bears the burden to show "why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (citing *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2002)). A successful affidavit under Rule 56(f) "must state 'with some precision the materials [Tackett] hopes to obtain with further discovery, and exactly how [Tackett] expects those materials would help [her] in opposing summary judgment.'" *Summer*, 368 F.3d at 887 (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)). The affidavit of counsel merely states that it would be inequitable to grant summary judgment without further discovery. "Bare allegations of the need for discovery are not enough." *Summer*, 368 F.3d at 887 (citation omitted).

Tackett fails to establish that further discovery would demonstrate a genuine issue of material fact sufficient to deny summary judgment in Enterprise's favor. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) ("[W]e have affirmed the denial of Rule 56[d] motions when the parties were given insufficient time for discovery if 'further discovery would not have changed the legal and factual deficiencies.'" (quoting *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996)). In the absence of a sufficient affidavit alleging specific areas of discovery and how the materials received would assist Tackett in meeting the elements of a negligent entrustment claim, there is no reason for this Court to grant additional time for discovery. *Summer*, 368 F.3d at 887.

**IV.**

There is no allegation nor any evidence that Vargas was not competent to drive the vehicle rented from Enterprise. Tackett has failed to establish that Enterprise could be liable under a theory of negligence or negligent entrustment. Thus, Enterprise is entitled to summary judgment. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss or, in the alternative, for summary judgment [Record No. 23] filed by Defendant Enterprise Rent-A-Car Company of KY, LLC is **GRANTED**. Summary judgment is granted in favor of Defendant Enterprise Rent-A-Car Company of KY, LLC with respect to all claims asserted against it in this action. Those claims are **DISMISSED WITH PREJUDICE**.

This 24th day of July, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge